**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **NICHOLAS W. ANELLO and ALEXIS MOTSINGER, On Behalf of THEMSELVES and All Others Similarly Situated,** )<br>)<br>)<br>)<br>) | **CASE NO.** |
| *Plaintiffs*, )<br>) | **JUDGE** |
| **v.** )<br>) | **JURY DEMAND** |
| **RISE BRANDS, INC., PINS MECHANICAL CO, LLC and PINS MECHANICAL CO – EASTON, LLC,** )<br>)<br>)<br>) | |
| *Defendants*. )<br>) | |

**COMPLAINT**

**I. INTRODUCTION**

1.      Plaintiff Nicholas W. Anello ("Plaintiff Anello") and Alexis Motsinger ("Plaintiff Motsinger") (collectively, "Named Plaintiffs") bring this action against Defendants Rise Brands, Inc., Pins Mechanical Co., LLC, and Pins Mechanical Co. Easton, LLC (collectively, "Defendants"). Defendants are a single enterprise headquarters in Columbus, Ohio that does business under the name of Pins Mechanical Co., LLC, operating approximately 14 locations in Ohio, North Carolina, Indiana, Pennsylvania, and Tennessee. *See* **Exhibit A** (Rise Brands, Inc. Website "Kick *ss Brands")[1]; *see also* **Exhibit B** (Pins Mechanical Company Website, "Find a Location");[2]

2.      Named Plaintiffs bring these nationwide claims against Defendants, who are their employers, in order to recover unpaid minimum and overtime wages, unlawfully retained tips,

---

[1]      https://www.risebrands.com/#brands-v2 (printed April 3, 2025)
[2]      https://www.pinsbar.com/locations  (printed April 3, 2025).

liquidated damages, restitution, attorneys' fees, costs, and all other damages available under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and bring their FLSA claims on behalf of themselves and all other similarly situated employees who file their written consent to join this action pursuant to 29 U.S.C. § 216(b). Named Plaintiffs seek Court Supervised Notice pursuant to 29 U.S.C. § 216(b).

3.      Named Plaintiffs bring the Ohio Minimum Fair Wage Standards Act (the "Ohio Wage Act"), O.R.C. §§ 4111, *et seq.*; the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15; and the Ohio Constitution, ("Ohio Constitution") Art. II Section 34a (the Ohio Wage Act, the OPPA, and Ohio Constitution are collectively referred to herein as the "Ohio Wage Laws") to recover unpaid minimum and overtime wages, unlawfully retained tips, liquidated damages, restitution, attorneys' fees, costs, and all other damages available under the Ohio Wage Laws and brings his Ohio Wage Laws claims on behalf of themselves and all other similarly situated employees who file their written consent to join this action pursuant to Ohio Rev. Code § 4111.14 (k). Named Plaintiffs seek Court Supervised Notice pursuant to Ohio Rev. Code § 4111.14 (k).

4.      Named Plaintiffs and those similarly situated are current and former employees of Defendants at one or more of their 14 Pins Mechanical Company locations who were paid a tipped hourly wage less than the statutory $7.25 per hour minimum wage and $10.88 per hour minimum overtime wage for hours worked over 40 in a workweek (or the applicable Ohio minimum wage and minimum overtime wage rates) and for whom Defendants relied on the "tip credit" provisions of the FLSA and the Ohio Wage Laws to satisfy their statutory minimum wage obligations (hereafter, "Tip Credit Employees"). These Tip Credit Employees include, for example, servers and bartenders.

5.      Defendants violated the FLSA and the Ohio Wage Laws because they required Named Plaintiffs and other Tip Credit Employees to: (1) share tips with back-of-house employees

and Experience Team members who earn have no or only *de minimis* interaction with customers while taking a tip credit; (2) share tips with management employees in the tip pool; and (3) spend substantial amounts of time performing non-tip-producing and directly supporting work tasks before customers are in the location while being paid less than the statutory minimum wage and not working in a tipped occupation for defined periods of time ("dual jobs").

6.       Because the requirements for taking the tip credit were not satisfied, Defendants were not permitted to rely on it to satisfy their minimum wage and overtime obligations under the FLSA and the Ohio Wage Laws and were required to pay the entire federal and state statutory minimum wage and overtime wage.

7.       Under the FLSA and the Ohio Wage Laws, Defendants may not retain tips other than to contribute them pursuant to a lawful tip-share or tip-pool of employees who customarily and regularly receive tips. By using and retaining these tips to pay back-of-house employees, Experience Team, and management, Defendants retained tips earned by Named Plaintiffs and other Tip Credit Employees for their own benefit and are required to return the tips to the employees who earned them and pay liquidated damages.

## II.  JURISDICTION AND VENUE

8.       This Court has jurisdiction over Named Plaintiffs' claims because they are brought pursuant to the FLSA, 29 U.S.C. § 216(b), and because they raise a federal question pursuant to 28 U.S.C. § 1331.

9.       This Court has jurisdiction over Named Plaintiffs' supplemental state law claims pursuant to 28 U.S.C. § 1367.

10. Venue for this action properly lies in the Southern District of Ohio, pursuant to 28 U.S.C. § 1391, because Defendants are headquartered and reside in this judicial district and because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## III. PARTIES

**A. Plaintiff**

11. Plaintiff Anello is a resident of Columbus, Franklin County, Ohio and was employed by Defendants as a bartender at their Pins Mechanical Co. location at Easton Towne Center in Columbus, Ohio beginning on October 21, 2021, and he remains employed as of the filing of this Complaint. Attached as **Exhibit C** is Plaintiff Anello's Notice of Consent to Join this lawsuit.

12. Plaintiff Motsinger is a resident of Columbus, Franklin County, Ohio and was employed by Defendants as a bartender at their Pins Mechanical Co. location at Easton Towne Center in Columbus, Ohio beginning on October 23, 2023 until November 24, 2024. Attached as **Exhibit D** is Plaintiff Motsinger's Notice of Consent to Join this lawsuit.

13. Throughout their employment, Defendants paid Named Plaintiffs hourly wages less than the statutory $7.25 per hour federal minimum wage and the $10.88 per hour federal minimum overtime wage (and less than the applicable Ohio minimum wage and minimum overtime wage rates) and relied on customer tips to satisfy their minimum wage obligations to Named Plaintiffs, pursuant to the tip-credit provisions of the FLSA and Ohio Wage Laws.

**B. Defendants**

14. Defendant Rise Brands, Inc. ("Defendant Rise") is a domestic for-profit limited liability company registered and is doing business in the State of Ohio. It can be served through its statutory agent KBHR Statutory Agent Corp, P.O. Box 361715, Columbus, OH 43236.

4

15.     Defendant Rise operates three (3) entertainment brands, Pins Mechanical Co., 16-Bit Bar + Arcade, and No Soliciting.

16.     Defendant Pins Mechanical Co. Easton, LLC ("Defendant Pins-Easton") is a domestic for-profit limited liability company registered and is doing business in the State of Ohio at its location at 4117 Worth Avenue, Columbus, Ohio 43219.  It can be served through its statutory agent KBHR Statutory Agent Corp, P.O. Box 361715, Columbus, OH 43236.

17.     Defendant Rise and Defendant Pins own and operate nine (9) additional locations nationwide:

> a.  Pins Mechanical Co., LLC ("Defendant Pins-Columbus") is a domestic for-profit limited liability company registered and is doing business in the State of Ohio at its location at 141 N. 4th Street, Columbus, Ohio 43215.  It can be served through its statutory agent KBHR Statutory Agent Corp, P.O. Box 361715, Columbus, OH 43236.
>
> b.  Pins Mechanical Co. Dublin, LLC ("Defendant Pins-Dublin") is a domestic for-profit limited liability company registered and is doing business in the State of Ohio at its location at 6558 Riverside Drive, Dublin, OH 43017.  It can be served through its statutory agent KBHR Statutory Agent Corp, P.O. Box 361715, Columbus, OH 43236;
>
> c.  Pins Mechanical Co. Cincy, LLC ("Defendant Pins-Cincy") is a domestic for-profit limited liability company registered and is doing business in the State of Ohio at its location at 1124 Main Street, Cincinnati, Ohio 45202.  It can be served through its statutory agent KBHR Statutory Agent Corp, P.O. Box 361715, Columbus, OH 43236;

d. Pins Mechanical Co. Cleveland, LLC ("Defendant Pins-Cleveland") is a domestic for-profit limited liability company registered and is doing business in the State of Ohio at its location at 1880 W. 25th Street, Cleveland, Ohio 44113. It can be served through its statutory agent KBHR Statutory Agent Corp, P.O. Box 361715, Columbus, OH 43236;

e. Pins Mechanical Co. Pittsburgh, LLC ("Defendant Pins-Pittsburgh") is a domestic for-profit limited liability company registered and is doing business in the State of Ohio at its location at 407 Cinema Drive, Pittsburgh, Pennsylvania 15203. It can be served through its statutory agent Universal Registered Agents, Inc., 3958-D Brown Park Drive, Hilliard OH 43026;

f. Pins Mechanical Co. Indy, LLC ("Defendant Pins-Indy") is a domestic for-profit limited liability company registered and is doing business in the State of Ohio at its location at 856 Carrollton Avenue, Indianapolis, Indiana 46202. It can be served through its statutory agent Universal Registered Agents, Inc., 3958-D Brown Park Drive, Hilliard OH 43026;

g. Pins Mechanical Co. Nashville, LLC ("Defendant Pins-Nashville") is a domestic for-profit limited liability company registered and is doing business in the State of Ohio at its location at 1102 Grundy Street, Nashville, Tennessee 37203. It can be served through its statutory agent Universal Registered Agents, Inc., 3958-D Brown Park Drive, Hilliard OH 43026;

h. Pins Mechanical Co. Charlotte, LLC ("Defendant Pins-Charlotte") is a domestic for-profit limited liability company registered and is doing business in the State of Ohio at its location at 307 W. Tremont Avenue, Charlotte, North

Carolina 28203. It can be served through its statutory agent Universal Registered Agents, Inc., 3958-D Brown Park Drive, Hilliard OH 43026;

i.   Pins Mechanical Co. Austin, LLC ("Defendant Pins-Austin") is a domestic for-profit limited liability company registered and is doing business in the State of Ohio at its location at 4323 S. Congress Avenue, Austin, Texas 78745. It can be served through its statutory agent KBHR Statutory Agent Corp, P.O. Box 361715, Columbus, OH 43236.

18.   Defendant Rise has nine (9) future locations for Pins Mechanical Co., which are:

a.   Pins Mechanical Co. Dayton, LLC ("Defendant Pins-Dayton") is a domestic for-profit limited liability company registered and is doing business in the State of Ohio and with the prospect of doing business in Dayton, Ohio. It can be served through its statutory agent KBHR Statutory Agent Corp, P.O. Box 361715, Columbus, OH 43236;

b.   Pins Mechanical Co. Mason, LLC ("Defendant Pins-Mason") is a domestic for-profit limited liability company registered and is doing business in the State of Ohio and with the prospect of doing business in Mason, Ohio. It can be served through its statutory agent KBHR Statutory Agent Corp, P.O. Box 361715, Columbus, OH 43236;

c.   Pins Mechanical Co. Fishers, LLC ("Defendant Pins-Fishers") is a domestic for-profit limited liability company registered and is doing business in the State of Ohio and with the prospect of doing business in Fishers, Indiana. It can be served through its statutory agent KBHR Statutory Agent Corp, P.O. Box 361715, Columbus, OH 43236;

d. Pins Mechanical Co. Durham, LLC ("Defendant Pins-Durham") is a domestic for-profit limited liability company registered and is doing business in the State of Ohio and with the prospect of doing business in Durham, North Carolina. It can be served through its statutory agent KBHR Statutory Agent Corp, P.O. Box 361715, Columbus, OH 43236;

e. Pins Mechanical Co. Atlanta, LLC ("Defendant Pins-Atlanta") is a domestic for-profit limited liability company registered and is doing business in the State of Ohio and with the prospect of doing business in Atlanta, Georgia. It can be served through its statutory agent KBHR Statutory Agent Corp, P.O. Box 361715, Columbus, OH 43236;

f. Pins Mechanical Co. Raleigh, LLC ("Defendant Pins-Raleigh") is a domestic for-profit limited liability company registered and is doing business in the State of Ohio and with the prospect of doing business in Raleigh, North Carolina. It can be served through its statutory agent KBHR Statutory Agent Corp, P.O. Box 361715, Columbus, OH 43236;

g. Pins Mechanical Co. Greenville, LLC ("Defendant Pins-Greenville") is a domestic for-profit limited liability company registered and is doing business in the State of Ohio and with the prospect of doing business in Greenville, North Carolina. It can be served through its statutory agent KBHR Statutory Agent Corp, P.O. Box 361715, Columbus, OH 43236;

    h.   Pins Mechanical Co. Kansas City, LLC ("Defendant Pins-Kansas City") is a domestic for-profit limited liability company registered and is doing business in the State of Ohio and with the prospect of doing business in Kansas City, Missouri. It can be served through its statutory agent KBHR Statutory Agent Corp, P.O. Box 361715, Columbus, OH 43236;

    i.   Pins Mechanical Co. Chadbourn, LLC ("Defendant Pins-Chadbourn") is a domestic for-profit limited liability company registered and is doing business in the State of Ohio and with the prospect of doing business in Chadborn, North Carolina. It can be served through its statutory agent KBHR Statutory Agent Corp, P.O. Box 361715, Columbus, OH 43236.

19.     Defendant Rise is an entity through which Defendants' business enterprise owns and operates Defendant Pins-Easton.

20.     Defendant Rise has at all relevant times been an employer of the Named Plaintiffs and the Tip Credit Employees at the Defendant Pins-Easton within the meaning of the FLSA and within the meaning of the Ohio Wage Laws.

21.     Defendant Rise is an entity through which Defendants' business enterprise owns and operates Defendant Pins-Columbus.

22.     Defendant Rise has at all relevant times been an employer of the Tip Credit Employees at the Defendant Pins-Columbus within the meaning of the FLSA and within the meaning of the Ohio Wage Laws.

23.     Defendant Rise is an entity through which Defendants' business enterprise owns and operates Defendant Pins-Dublin.

24.     Defendant Rise has at all relevant times been an employer of the Tip Credit Employees at the Defendant Pins-Dublin within the meaning of the FLSA and within the meaning of the Ohio Wage Laws.

25.     Defendant Rise is an entity through which Defendants' business enterprise owns and operates Defendant Pins-Cincy.

26.     Defendant Rise is an entity through which Defendants' business enterprise owns and operates Defendant Pins-Cleveland.

27.     Defendant Rise has at all relevant times been an employer of the Tip Credit Employees at the Defendant Pins-Cleveland within the meaning of the FLSA and within the meaning of the Ohio Wage Laws.

28.     Defendant Rise is an entity through which Defendants' business enterprise owns and operates Defendant Pins-Pittsburgh.

29.     Defendant Rise has at all relevant times been an employer of the Tip Credit Employees at the Defendant Pins-Pittsburgh within the meaning of the FLSA and within the meaning of the Pennsylvania wage laws.

30.     Defendant Rise is an entity through which Defendants' business enterprise owns and operates Defendant Pins-Indy.

31.     Defendant Rise has at all relevant times been an employer of the Tip Credit Employees at the Defendant Pins-Indy within the meaning of the FLSA and within the meaning of the Indiana wage laws.

32.     Defendant Rise is an entity through which Defendants' business enterprise owns and operates Defendant Pins-Nashville.

33.     Defendant Rise has at all relevant times been an employer of the Tip Credit Employees at the Defendant Pins-Nashville within the meaning of the FLSA.

34.     Defendant Rise is an entity through which Defendants' business enterprise owns and operates Defendant Pins-Charlotte.

35.     Defendant Rise has at all relevant times been an employer of the Tip Credit Employees at the Defendant Pins-Charlotte within the meaning of the FLSA and within the meaning of the North Carolina wage laws.

36.     Defendant Rise is an entity through which Defendants' business enterprise owns and operates Defendant Pins-Austin.

37.     Defendant Rise has at all relevant times been an employer of the Tip Credit Employees at the Defendant Pins-Austin within the meaning of the FLSA and within the meaning of the Texas wage laws.

38.     Together, Defendant Pins-Easton, Defendant Pins-Austin, Defendant Pins-Charlotte, Defendant Pins-Nashville, Defendant Pins-Indy, Defendant Pins-Pittsburgh, Defendant Pins-Cleveland, Defendant Pins-Dublin, and Defendant Pins-Columbus comprise the national enterprise owned and operated by Defendant Rise and will collectively be referred to as "Defendants."

39.     Defendants have a common corporate headquarters, which is publicly identified as the corporate headquarters of Defendant Rise, located at 134 E. Long Street, Columbus, Ohio 43215.

40.     Defendants share the same Defendant Rise corporate executive team, management, and ownership.

41.     Defendants hold themselves out as, act as, and in fact comprise a single enterprise.

42.     Defendants centrally control employment policies and practices for all of their ten (10) locations.

43.     Defendants' corporate-level management, including executives and human resources officials, conduct location meetings and travel to each location regularly to oversee business operations, address employment issues, and specifically implement pay and other employment practices and policies.

44.     Defendants share a common purpose of operating Duck Pin entertainment, food, and beverage establishments.

45.     Defendants transfer employees between restaurants, including both management-level employees and Tip Credit Employees (as defined above).

46.     Defendants' enterprise acts through each of the Defendants.

47.     Furthermore, each of the Defendants acts directly in the interest of themselves and of the other entities comprising the enterprise as an employer in relation to the employees at each of the ten (10) locations.

48.     Thus, each Defendant is a "person" (within the meaning of the FLSA and the Ohio Wage Laws) "acting directly or indirectly in the interest of an employer in relation to an employee." *See* 29 U.S.C. §§ 203(a), (d); and O.R.C. 4112.01(A).

49.     As a result, Defendants, both individually and collectively, employ the employees of each of the ten (10) locations pursuant to the FLSA and the Ohio Wage Laws.

## IV.  FACTS

50.     At all relevant times, Named Plaintiffs and those similarly situated who are current and former Tip Credit Employees (as defined above) (hereinafter "Tip Credit Employees") of Defendants at one or more of the ten (10) locations nationwide.

51.     At all relevant times, Defendants paid Named Plaintiffs and other Tip Credit Employees an hourly wage below the applicable federal and state minimum wage rates.

12

52.     At all relevant times, Defendants purported to utilize the tip credit to comply with their minimum wage obligations to Named Plaintiffs and other Tip Credit Employees under the FLSA and the Ohio Wage Laws.

53.     Defendants used and took a portion of the tips earned by Named Plaintiffs and other Tip Credit Employees for the purpose of sharing those tips with back-of-house employees who did not earn the tips and who did not interact with customers or had only *de minimis* interactions with customers, such as barbacks.

54.     Beginning August 10, 2022, Defendants updated their tip poll process, Defendants' New Tip Pool, and sent Named Plaintiffs and other Tip Credit Employees the attached memo outlining the new process. *See* attached as **Exhibit E**.

55.     Defendants' New Tip Pool required Named Plaintiffs and other Tip Credit Employees to share the tips with Barbacks and Experience Team Members.

56.     Defendants' New Tip Pool required tips from all closed checks to go into the tip pool, including all checks closed by Experience Team members at the Cage.

57.     The "Cage" is where customers purchase duckpin bowling games and obtain the balls and gear for the games.  Additionally, Experience Team members at the Cage sell hats, shirts, hoodies, and other Pins Mechanical Company merchandise.

58.     The Experience Team Members who are assigned to the Cage are paid an hourly rate in excess of the federal and state minimum wage rates and are not paid using the tip credit.

59.     The Experience Team Members, when not working the Cage return empty/dirty glassware to the bar; wipe down tables after guests leave, basic troubleshooting for the facilities' games when they malfunction; clean up spills and broken glass; refill the paper towels and soap dispensers in the back of house aeras and restrooms; and take out trash around the building and put new trash bags into the trash bins.

60. The Experience Team Members include Guest Ambassadors who walk the floor and asks guests if they need anything and then find a server to assist the customer. When Experience Team Members work a Guest Ambassador shift they are paid an additional $4.00 per hour for their for that role.

61. The Experience Team Members include Door Greeters who are positioned at the entrance and welcome guests, they do not function as a Host.

62. Defendants took tips earned by Named Plaintiffs and other Tip Credit Employees and shared those tips with Experience Team Members who are not customarily tipped employees.

63. This benefited Defendants by subsidizing the costs of employing Experience Team Members who received these tips.

64. Further, Defendants employ bartenders who fulfill dual roles as both managers and bartenders during their shifts, they are called Floor Managers. For example, an employee might start the shift as a Floor Manager and switch to bartending duties midway through.

65. Floor Managers have a lot of influence in decisions made by Defendants' Management Team. They assist in social media recruiting, conduct job interviews, check-ins with trainees, they have shifts where they are the sole managers in the building and can ask additional staff to come in to work, they also have a large degree of influence in deciding who gets promoted to bartending or joining the Management Team.

66. Upon information and belief, Floor Managers have their own "areas of responsibility," such as maintenance, food & beverage, human resources and events. They assist the Assistant General Manager in those areas during non-business hours.

67. Upon information and belief, Floor Managers are able to issue written warnings to hourly employees during their shifts.

14

68.     Upon information and belief, when Floor Managers were scheduled to work as bartenders, they often continued performing managerial tasks yet still took a share of the tip pool at the end of the night as if they had been acting solely as bartenders for the entire shift.

69.     As such, Defendants required Named Plaintiffs and the other Tip Credit Employees to share tips with management.

70.     Additionally, Defendants required Named Plaintiffs and other Tip Credit Employees who are assigned to "open" for the day to arrive at the location between one (1) to two (2) hours before the location is open to customers.

71.     Defendants required Named Plaintiffs and other Tip Credit Employees who opened to spend substantial amounts of time performing non-tip-producing and directly supporting work while being paid an hourly wage below the applicable federal and state minimum wage rates.

72.     At the beginning of their scheduled shifts, prior to serving customers and including the time when no customers were present in the location, Named Plaintiffs and other Tip Credit Employees performed non-tip-producing and directly supporting work, such as, setting up juices, syrups, and garnishes for the bar service wells, removing the covers and plugs from liquor bottles, drains, and draft taps, setting up salt and sugar trays, cleaning the bar area, filling ice buckets, and setting up a multi-compartment sink for dish washing.

73.     At the end of their scheduled shifts, after serving customers and including the time when no customers were present at the location  Named Plaintiffs and other Tip Credit Employees perform non-tip-producing and directly supporting work, such as, cleaning bottles, beer taps, and draft towers, dating and storing juices and syrups in the storage cooler, wiping down all bar surfaces, restocking the bar, cleaning the slushie machine, washing dishes, sweeping, mopping, and scrubbing the floors, putting chairs up onto the tables, taking out the trash, and preparing for private parties that are expected to occur the following day.

74.     Throughout their scheduled shifts, during time periods when customers were present in the location Named Plaintiffs and other Tip Credit Employees perform non-tip-producing and directly supporting work, such as stocking the bar, wiping tables, clearing empty glasses, organizing bar shelves, cleaning floor drains, restocking the bourbon ice cubes, cutting fruit and garnishes, and pouring syrups and juices into bottles.

75.     Additionally, during their scheduled shift, Named Plaintiffs and other Tip Credit Employees are idle and spend time not having customers and not generating server tickets. Plaintiff and other Tip Credit Employees can go for more than an hour in a shift without generating a server ticket.

76.     Further, during all relevant times, Defendants require Named Plaintiffs and the other Tip Credit Employees to attend a fifteen (15) minute pre-shift meeting at the start of each shift. During the pre-shift meeting, Defendants discuss events or reservations that are planned that day, any policy changes that may have occurred, and daily drink specials.

77.     During all relevant times, Named Plaintiffs and the other Tip Credit Employees were paid at an hourly wage below the applicable federal and state minimum wage rates while attending Defendants' required daily pre-shift meeting.

78.     While the Named Plaintiffs and other Tip Credit Employees are performing opening tasks and the required fifteen (15) minute pre-shift meeting, the doors are locked and no customers are permitted in the building, thus Named Plaintiffs and other Tip Credit Employees are unable to obtain tips.  None of this time was worked as part of a tipped occupation. Therefore, when performing the opening tasks and pre-shift meeting while the doors are locked, and no customers are permitted in the building, Named Plaintiffs and other Tip Credit Employees are not "customarily and regularly tipped employees."

79.     During all relevant times, Defendants required Named Plaintiffs and other Tip Credit Employees to perform non-tip-producing and directly supporting work and spend time without the ability to generate a sales ticket, the aggregate of which exceeded twenty percent (20%) of their hours worked.

80.     Plaintiff Anello informed Defendants' Human Resources ('HR") department of the above wage violations via email to hr@risebrands,com on August 23, 2024.  He received a response email from Karen at Defendants' HR department on September 11, 2024 stating the Defendants did not believe they were violating the federal or Ohio wage laws. *See* **Exhibit F**.

81.     As of the filing of this complaint, Defendants have not changed the above described policies or practices.

82.     Defendants knew or should have known that their compensation practices and policies for Named Plaintiffs and other Tip Credit Employees violated the FLSA and Ohio Wage Laws.

83.     Indeed, Defendants maintain a companywide policy and practice that requires Named Plaintiffs and the other Tip Credit Employees to arrive up to two (2) hours early for their scheduled Thursday shifts to deep clean the facility. These shifts are referred to by Defendants as "Deep Cleaning Shifts."

84.     During these deep cleaning shifts, Named Plaintiffs and the other Tip Credit Employees are expected to perform the same cleaning tasks they typically complete during opening, closing, and throughout their regular shifts.

85.     However, Defendants permit Named Plaintiffs and the other Tip Credit Employees to be paid the required federal and state minimum wage for the two hours they spend performing cleaning duties during Deep Cleaning Shifts but not when they perform the same duties on other days.

86.     By paying Named Plaintiffs and the other Tip Credit Employees the requisite minimum wages for these Deep Cleaning Shifts, Defendants acknowledge that the work performed during these duties is worthy of minimum wage compensation. Therefore, the same duties performed during regular shifts should also be compensated at the federally and state-mandated minimum wage.

87.     By failing to pay Named Plaintiffs and the other Tip Credit Employees minimum wage for the time spent performing cleaning tasks during opening and closing, Defendants willfully engaged in illegal pay practices in violation of the FLSA and applicable state wage laws.

### V.  COURT SUPERVISED NOTICE

88.     Named Plaintiffs bring Count I and Count II pursuant to 29 U.S.C. § 216(b).

89.     Named Plaintiffs request that the Court issue nationwide Court Supervised Notice ("Notice") to the following group of current and former tipped employees defined as:

>       All current and former Tip Credit Employees (as defined herein) at
>       any of Defendants ten (10) Pins Mechanical Company locations at
>       any time since April 14, 2022. ("Employees Entitled to Notice")

90.     Named Plaintiffs reserve the right to amend and refine the definition of the Employees Entitled to Notice he seeks to have the Court serve Notice based upon further investigation and discovery.

91.     The precise size and identity of the proposed Employees Entitled to Notice should be ascertainable from Defendants' business records, tax records, and/or employee personnel records.

92.     Named Plaintiffs bring Count III pursuant to Ohio Rev. Code § 4114(k) and requests that the Court issue Notice to Defendants' tipped employees employed in the state of Ohio; however, since the definition of the Employees Entitled to Notice above would include Defendants' tipped employees employed in the state of Ohio, only one Notice needs issued.

93.     Notice should be issued to the Employees Entitled to Notice because Named Plaintiffs and the Employees Entitled to Notice are similarly situated individuals, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

## VIII.  CAUSES OF ACTION

### COUNT I:
### VIOLATION OF THE MINIMUM WAGE AND
### OVERTIME REQUIREMENTS OF THE FLSA

94.     Named Plaintiffs re-allege, and incorporate by reference, the allegations set for in paragraphs 1 through 87.

95.     Named Plaintiffs assert this claim on behalf of themselves and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

96.     Named Plaintiffs and all similarly situated individuals are employees entitled to the FLSA's protections.

97.     Defendants are employers covered by the FLSA.

98.     The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked. 29 U.S.C § 206(a).

99.     The FLSA entitles employees to an overtime rate "not less than one and one-half times" their regular rate of pay for hours worked over 40 hours in a workweek. 29 U.S.C § 207.

100.     The minimum overtime hourly wage is $10.88 per hour (*i.e.*, one and one-half times $7.25 per hour). 29 U.S.C §§ 206(a), 207.

101.     While employers may utilize a tip credit to satisfy their minimum wage and overtime obligations to tipped employees, like Named Plaintiffs and the similarly situated Employees Entitled to Notice, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m), (t).

102.    Defendants failed to satisfy the requirements necessary to rely on the tip credit to satisfy their minimum wage and overtime obligations (as set forth above) by requiring Named Plaintiffs and the similarly situated Employees Entitled to Notice to: (1) share tips with employees who have no or only *de minimis* interaction with customers; (2) spend substantial amounts of time performing non-tip-producing and directly supporting work while being paid an hourly wage below $7.25 per hour (and below $10.88 per hour for hours over 40 in a workweek) and not working in a tipped occupation for defined periods of time; and (3) spend time idle time during their shift where they do not service customers or ring in a ticket while being paid an hourly wage below $7.25 per hour (and below $10.88 per hour for hours over 40 in a workweek).

103.    As a result, Defendants forfeited their right to utilize the tip credit in satisfying their minimum wage and overtime obligations.

104.    As such, Defendants have violated the FLSA by failing to pay Named Plaintiffs and the similarly situated Employees Entitled to Notice for all time worked at $7.25 per hour (and $10.88 per hour for hours over 40 in a workweek).

105.    Further, when Named Plaintiffs and the Employees Entitled to Notice worked in a non-tipped position, Defendants compensated Plaintiff and the Employees Entitled to Notice at a rate below the relevant federal minimum wage, in violation of the FLSA.

106.    Named Plaintiffs and the similarly situated Employees Entitled to Notice are entitled to recover all unpaid minimum and overtime wages, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

107.    In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II:
## UNLAWFUL RETENTION OF TIPS UNDER THE FLSA

108.    Named Plaintiffs re-allege, and incorporate by reference, the allegations set for in paragraphs 1 through 101.

109.    Named Plaintiffs assert this claim on behalf of themselves and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

110.    Named Plaintiffs and the similarly situated Employees Entitled to Notice are employees entitled to the FLSA's protections.

111.    Defendants are employers covered by the FLSA..

112.    Under the FLSA, "an employer may not keep tips received by its employees for any purposes." 29 U.S.C. §§ 203(m)(2)(B). This is true "regardless of whether or not the employer takes a tip credit." *Id.*

113.    U.S. Department of Labor regulations concerning tip-sharing arrangements (or "tip pooling") provide that an "employer may require an employee for whom the employer takes a tip credit to contribute tips to a tip pool only if it is limited to employees who customarily and regularly receive tips" and that the "employer may not retain any of the employees' tips for any other purpose." *See* 29 C.F.R. § 531.54(c).

114.    Defendants unlawfully used and retained a portion of the tips earned by Named Plaintiffs and the similarly situated Employees Entitled to Notice and shared those tips with Experience Team members who do not customarily and regularly receive tips and who have no or insufficient customer interaction.

115.    Put differently, Defendants took these tips and used them to pay their Experience Team members money in addition to their hourly wage.

116.    In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT III:
## VIOLATION OF THE OHIO CONSTITUTION, ARTICLE II, SECTION 34a

117.    Named Plaintiffs re-allege, and incorporate by reference, the allegations set for in paragraphs 1 through 110.

118.    Named Plaintiffs assert this claim on behalf of themselves and the Ohio members Employees Entitled to Notice.

119.    Named Plaintiffs and the Ohio members Employees Entitled to Notice are employees within the meaning of O.R.C. § 4111.14(B) and Oh. Const. Art. II, § 34(a) protected by the mandates of the Ohio Constitution.

120.    Defendants are employers and constitute a single employer within the meaning of O.R.C. § 4111.14(B) and Oh. Const. Art. II. § 34(a) required to comply with the mandates of the Ohio Constitution.

121.    Article II, Section 34(a) of the Ohio Constitution and O.R.C. § 4111.02 entitle employees to a minimum hourly wage that increases each year (2025-$10.70 per hour; 2024—$10.45 per hour; 2023—$10.10 per hour; 2022—$9.30 per hour).

122.    Article II, Section 34(a) of the Ohio Constitution permits employers to utilize a "tip credit" to satisfy their minimum wage obligations to tipped employees.

123.    In order to utilize the tip credit, an employer must comply with the requirements set forth in Section 3(m) of the FLSA, 29 U.S.C. § 203(m).

124.    Section 3(m) of the FLSA prohibits employers from keeping tips received by employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit. 29 U.S.C. § 203(m).

125.    Employers may not take a tip credit if they violate the prohibition against unlawfully retaining any portion of their employees' tips. *E.g.*, 29 U.S.C. § 203(m)(2).

126.    Here, by unlawfully keeping and using tips earned by and the Ohio members Employees Entitled to Notice to pay Experience Team members, Defendants have forfeited their right to utilize the tip credit in satisfying their minimum wage obligations.

127.    The FLSA further prohibits employers from taking a tip credit if the employer allows non-customarily and regularly tipped employees and Floor Managers in its tip pool or tip sharing arrangements. 29 U.S.C. § 203(m).

128.    Defendants have violated this provision companywide by keeping tips received by and the Ohio members Employees Entitled to Notice by allowing non-customarily and regularly tipped employees and Floor Managers to participate in its tip pool or tip sharing arrangements.

129.    Employers also may not take a tip credit for work performed by a tipped employee that directly supports tip-producing work when it is done for a substantial amount of time. *See* 29 C.F.R. § 531.56.

130.    Here, by utilizing a tip credit even when Named Plaintiffs and the Ohio members Employees Entitled to Notice perform work that directly supports tip-producing work for a substantial amount of time which exceeds 20% of their hours worked, Defendant has forfeited its right to utilize the tip credit in satisfying its minimum wage obligations.

131.    Further, when Named Plaintiffs and the Ohio members Employees Entitled to Notice worked in a non-tipped position, Defendants compensated Named Plaintiffs and the Ohio members Employees Entitled to Notice at a rate below the relevant Ohio minimum wage, in violation of Ohio Wage Laws.

132.    As such, Defendants have violated O.R.C. § 4111.14(B) and Oh. Const. Art. II, § 34a by paying Named Plaintiffs and the Ohio members Employees Entitled to Notice an hourly wage below the required minimum wage.

**COUNT VI:**
**VIOLATION OF THE OVERTIME REQUIREMENTS**
**OF THE OHIO WAGE ACT**

133.    Named Plaintiffs re-allege, and incorporate by reference, the allegations set for in paragraphs 1 through 126.

134.    Named Plaintiffs assert this claim on behalf of themselves and Ohio members of the Employees Entitled to Notice.

135.    The Ohio Wage Act provides that covered employees shall be compensated for every hour worked in one workweek. *See* O.R.C. §§ 4111, *et seq.*; *see also* 29 U.S.C. § 206(b).

136.    The Ohio Wage Act provides that employees shall receive overtime compensation at a rate "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) in a workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

137.    At all times material to this Complaint, Defendants were employers and constitute a single employer covered by the Ohio Wage Act and thus has been required to comply with its mandates.

138.    At all times material to this Complaint, Named Plaintiffs and the Ohio members Employees Entitled to Notice were covered "employees" of Defendant pursuant to the Ohio Wage Act and thus entitled to the Ohio Wage Act's protections.

139.    At all times material to this Complaint, Defendants violated the Ohio Wage Act by repeatedly failing to compensate Named Plaintiffs and the Ohio members Employees Entitled to Notice for all hours worked at the appropriate pay rate, including Defendants' repeated action of refusing to compensate Named Plaintiffs and the Ohio members Employees Entitled to Notice for

all hours worked over forty (40) hours in a workweek at a rate not less than one-and-a-half times the appropriate regular rate.

140.     Named Plaintiffs and the Ohio members Employees Entitled to Notice are not exempt from the wage protections of Ohio law. During material times, Named Plaintiffs and the Ohio Class were not exempt from receiving overtime because they were not "executive," "administrative," "professional," "outside sales," or "computer" employees, as those terms are defined under the FLSA. *See* O.R.C. § 4111.03(A); *see also* C.F.R. §§ 541 *et seq.*

141.     In violating the Ohio Wage Act, Defendants' acts and omissions have been of a willful, intentional, and bad faith nature or otherwise in reckless disregard of the Ohio Wage Act.

142.     Named Plaintiffs and the Ohio members of the Employees Entitled to Notice are entitled to unpaid overtime and other compensation, liquidated damages, interest, and attorneys' fees and expenses, and all other remedies available as compensation for Defendants' violations of O.R.C. § 4111.03, by which Named Plaintiffs and the Ohio members Employees Entitled to Notice have suffered and continue to suffer damages.

**COUNT VII:**
**VIOLATION OF THE OHIO PROMPT PAY ACT**

143.     Named Plaintiffs re-allege, and incorporate by reference, the allegations set for in paragraphs 1 through 136.

144.     Named Plaintiffs assert this claim on behalf of themselves and the Ohio members of the Employees Entitled to Notice, pursuant to Fed. R. Civ. P. 23.

145.     At all times relevant to this Complaint, Defendants were Named Plaintiffs and the Ohio members of the Employees Entitled to Notice's employers and constitute a single employer and were required to comply with the Ohio Prompt Pay Act's provisions. *See* O.R.C. § 4113.15.

146.     The OPPA provides that employers shall pay covered employees all wages, on or before the first day of each month for wages earned during the first half of the preceding month

ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. *See* O.R.C. § 4113.15(A).

147. At all times material to this Complaint, Defendants have refused to pay Named Plaintiffs and the Ohio members of the Employees Entitled to Notice all owed overtime wages at one and one-half (1 ½) times their normal hourly rate and all wages at the statutorily mandated minimum wage rate, within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

148. Named Plaintiffs and the Ohio members of the Employees Entitled to Notice's wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

149. Defendants' violations of the OPPA have been of a willful, intentional, or bad faith nature or Defendants have otherwise exhibited a reckless disregard of the OPPA's provisions.

## IX. PRAYER FOR RELIEF

WHEREFORE, Named Plaintiffs pray for the following relief on behalf of themselves and all others similarly situated:

A. An order authorizing prompt Court Supervised Notice of this litigation, pursuant to 29 U.S.C. § 216(b), to potentially similarly situated individuals, tolling the running of the statute of limitations for potentially similarly situated individuals until a ruling on notice, and permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. A finding that Defendants have violated the FLSA and the Ohio wage Laws;

C. A finding that Defendants' violations of the FLSA and the Ohio Wage Laws are willful and not in good faith;

D. A judgment against Defendants and in favor of Named Plaintiffs and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b), for all unpaid and underpaid wages and unlawfully retained tips that Defendants have failed and refused to pay in violation of the FLSA;

E.      A judgment against Defendants and in favor of Named Plaintiffs and the Ohio members of the Employees Entitled to Notice for all unpaid and underpaid wages and unlawfully retained tips that Defendants have failed and refused to pay in violation of the Ohio Wage Laws.

F.      Prejudgment and post-judgment interest to the fullest extent permitted under the law;

G.      Liquidated damages, treble damages, interest, and other monetary penalties to the fullest extent permitted under the FLSA and the Ohio Wage Laws;

H.      Litigation costs, expenses, and Named Plaintiffs' attorneys' fees to the fullest extent permitted under the FLSA and the Ohio Wage Laws; and,

I.      Such other and further relief as this Court deems just and proper in equity and under the law.

## X.  JURY DEMAND

Named Plaintiffs demand a jury as to all claims so triable.


Dated: April 15, 2025                    Respectfully submitted,

                                         /s/ Robert E. DeRose
                                         Robert E. DeRose (OH Bar No. 0055214)
                                         Anna R. Caplan (OH Bar No. 0104562)
                                         **BARKAN MEIZLISH DEROSE COX, LLP**
                                         4200 Regent Street, Suite 210
                                         Columbus, OH 43219
                                         Phone: (614) 221-4221
                                         Fax: 614-744-2300
                                         Email:  bderose@barkanmeizlish.com
                                                   acaplan@barkanmeizlish.com

                                         *Attorneys for Plaintiffs*