UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NICHOLAS W. ANELLO**, *et al.*,

    **Plaintiffs,**

    v.

**RISE BRANDS, INC.**, *et al.*,

    **Defendants.**

Case No. 2:25-cv-402
Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura

**OPINION AND ORDER**

This matter is before the Court on a Joint Motion and Stipulation for Court Approval of Fair Labor Standards Act ("FLSA") Notice brought by Named Plaintiffs Nicholas Anello, Alexis Motsinger, Kellsey Garback, Andrew Rector, and Logan Stahl, 108 opt-in Plaintiffs, and Defendants Rise Brands, Inc., Pins Mechanical Co. Easton, LLC, Pins Mechanical Co. Pittsburgh, LLC, Pins Mechanical Co. Indy, LLC, and Pins Mechanical Co. Charlotte, LLC.  (ECF No. 58.) The Parties jointly move the Court to approve and authorize the distribution of court-supervised notice of this FLSA action to a group of Defendants' current and former employees pursuant to 29 U.S.C. § 216(b).  The Court finds that there is a strong likelihood that Named Plaintiffs and the proposed notice group are similarly situated.  In addition, the Court approves of the Parties' proposed notice and consent forms.  (ECF Nos. 58-1, 58-2.)  Accordingly, the Court **GRANTS** the Joint Motion and Stipulation for Court Approval of FLSA Notice.  (ECF No. 58.)

**BACKGROUND**

Named Plaintiffs filed this action on April 15, 2025, and amended their Complaint twice. (ECF Nos. 1, 18, 54.)  In the most recent Complaint, filed September 8, 2025, Named Plaintiffs assert federal and state law claims against Defendants related to unpaid minimum and overtime

wages. (ECF No. 54.) Named Plaintiffs brought this action on behalf of themselves and similarly situated individuals who filed their written consent to join pursuant to 29 U.S.C. § 216(b). (*Id.* ¶¶ 2–6.) Defendants offer entertainment, including duckpin bowling, pinball, and shuffleboard, as well as beer and cocktails at their various locations. (ECF No. 63, ¶ 53.) Named Plaintiffs and those similarly situated are current and former hourly employees of Defendants who worked as servers or bartenders at a Pins Mechanical Co. establishment in Pittsburgh, Pennsylvania, Indianapolis, Indiana, Charlotte, North Carolina, or Columbus, Ohio within the last three years. (ECF No. 54, ¶ 7; ECF No. 58, PageID 500.)

Plaintiffs allege that, on a companywide basis, Defendants underpaid tipped workers in violation of the FLSA, 29 U.S.C. § 201, *et seq.*, and wage laws in Ohio, Pennsylvania, Indiana, and North Carolina. (ECF No. 54, ¶¶ 62–82; ECF No. 58, PageID 499–500, 503–04.) Specifically, Plaintiffs allege that Defendants required them and other employees who were paid a tipped hourly wage, such as servers and bartenders, to spend substantial amounts of time performing non-tip-producing work while being paid less than the statutory minimum wage and overtime wage. (ECF No. 54, ¶ 8; ECF No. 58, PageID 503.) Plaintiffs argue that Defendants did not meet the requirements to use the tip credit under the FLSA and state wage laws and, therefore, were obligated to pay the entire federal and state statutory minimum wage and overtime wage to Plaintiffs, which Defendants failed to do. (ECF No. 54, ¶ 9.)

The Parties jointly move this Court for an order authorizing court-supervised notice of Plaintiffs' FLSA action pursuant to 29 U.S.C. § 216(b) to the following group of individuals: "All current and former hourly servers and bartenders who were employed by Defendants at a Pins Mechanical Co. location in either Pittsburgh, Pennsylvania, Indianapolis, Indiana, Charlotte, North Carolina, or the three (3) Columbus, Ohio locations (Easton, Downtown, and Dublin), during all

or any portion of the time period since" November 19, 2022.[1] (ECF No. 58; ECF No. 58-1, PageID 508.) The Parties attached a copy of their proposed FLSA notice (ECF No. 58-1) and opt-in consent form (ECF No. 58-2). At the time the Parties filed their Joint Motion, 108 additional plaintiffs had opted into this FLSA action. (ECF No. 58, PageID 499.)

**LEGAL STANDARD**

The FLSA requires employers to pay a federal minimum wage and overtime to certain employees. 29 U.S.C. §§ 206(a), 207(a). Employees can sue for alleged violations of those mandates on "behalf of . . . themselves and other employees similarly situated." 29 U.S.C. § 216(b). Similarly situated employees can "opt into" a collective action by filing written consent. *Id.*; *Polen v. JSW Steel USA Ohio, Inc.*, 699 F. Supp. 3d 622, 626 (S.D. Ohio 2023) (Marbley, J.) (citing *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006)). To make potential plaintiffs aware of the lawsuit, and thus able to opt in, courts may facilitate notice of the suit to other employees who are similarly situated to the named plaintiff(s). *Polen*, 699 F. Supp. 3d at 626. Later, "when merits discovery is complete . . . the court takes a closer look at whether those 'other employees' are, in fact, similarly situated to the original plaintiffs." *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1008 (6th Cir. 2023). If so, then the court grants "'final certification' for the case to proceed to decision as a collective action." *Id.*

For the Court to authorize notice to other employees who are potential plaintiffs, "plaintiffs must show a 'strong likelihood' that those employees are similarly situated to the plaintiffs themselves"—a familiar likelihood standard, "analogous to a court's decision whether to grant a preliminary injunction." *Id.* at 1010–11. The initial, notice-stage determination is subject to more

---

[1] The Parties include "[DATE]" in the text of the Joint Motion and explain that "[DATE]" refers to three years from the date their proposed notice is approved by the Court. (ECF No. 58, PageID 500.)

lenient scrutiny than the final determination of whether the other employees are, in fact, similarly situated.  *See id.* at 1010–11 (differentiating between the thresholds for notice versus a conclusive determination of similarity).  This is so because the court-facilitated notice step occurs while "the body of evidence is necessarily incomplete."  *Creely v. HCR ManorCare, Inc.*, 920 F. Supp. 2d 846, 851 (N.D. Ohio 2013); *see Clark*, 68 F.4th at 1010, 1012.  Ultimately, the "[strong likelihood] standard requires a showing greater than the one necessary to create a genuine issue of fact, but less than the one necessary to show a preponderance."  *Clark*, 68 F.4th at 1011.

Potential plaintiffs can be similarly situated where their claims are "unified by common theories of defendants' statutory violations," such as "a single, FLSA-violating policy[.]"  *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584–85 (6th Cir. 2009) (noting, however, that "a 'unified policy' of violations is not required"), *abrogated on different grounds by Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016).  This is so even though "proofs of these theories are inevitably individualized and distinct," such that "proof of a violation as to one particular plaintiff does not prove that the defendant violated any other plaintiff's rights under the FLSA."  *Id.*  In this way, named plaintiffs and potential plaintiffs' situations must be similar, not identical.  *See Hogan v. Cleveland Ave Rest., Inc.*, 690 F. Supp. 3d 759, 775–76 (S.D. Ohio 2023) (Marbley, C.J.).

## ANALYSIS

At this stage, "a variety of factors"—none of which is dispositive—govern the "similarly situated" inquiry, including: (1) the "factual and employment settings of the individual[ ] plaintiffs," (2) "the different defenses to which the plaintiffs may be subject on an individual basis," (3) the degree of fairness and procedural impact of proceeding as a collective action, *O'Brien*, 575 F.3d at 584, (4) "whether potential plaintiffs were identified," (5) "whether affidavits of potential plaintiffs were submitted," and (6) "whether evidence of a widespread . . . plan was

4

submitted." *Hogan*, 690 F. Supp. 3d at 776.

Here, Named Plaintiffs, like the proposed notice group, worked as hourly servers or bartenders at Defendants' establishments in Columbus, Ohio, Pittsburgh, Pennsylvania, Indianapolis, Indiana, and Charlotte, North Carolina within the past three years. (ECF No. 58, PageID 502–03.) Named Plaintiff Nicholas Anello is currently employed as a bartender at Defendants' Easton Towne Center location in Columbus, Ohio. (ECF No. 58-3, ¶ 1.) Named Plaintiff Kellsey Garback was employed as a bartender at Defendants' Pittsburgh, Pennsylvania location until approximately June 2025. (ECF No. 58-4, ¶ 1.) Named Plaintiff Andrew Rector is currently employed as a bartender at Defendants' Indianapolis, Indiana location. (ECF No. 58-5, ¶ 1.) Finally, Named Plaintiff Logan Stahl was employed as a bartender at Defendants' Charlotte, North Carolina location until approximately December 2023. (ECF No. 58-6, ¶ 1.)

Although Named Plaintiffs were employed at different locations, they each assert that they were subject to the same company-wide policy and practice requiring them to spend substantial amounts of time—more than 20% of hours worked—performing non-tipped related work while being paid subminimum wages. (ECF No. 58, PageID 503; ECF No. 58-3, ¶¶ 3–4; ECF No. 58-4, ¶¶ 3–4; ECF No. 58-5, ¶¶ 3–4; ECF No. 58-6, ¶¶ 3–4.) For example, in their declarations, Named Plaintiffs assert that Defendants required them to (1) arrive between one to two hours before the location was open to customers to perform pre-shift duties, (2) attend pre-shift meetings for approximately fifteen minutes, (3) perform non-tipped closing duties when no customers were present, and (4) perform non-tipped work unrelated to their tipped work akin to maintenance, janitorial, dishwasher, and food prep work. (ECF No. 58, PageID 503–04; ECF No. 58-3, ¶¶ 5–7, 9; ECF No. 58-4, ¶¶ 5–7, 9; ECF No. 58-5, ¶¶ 5–7, 9; ECF No. 58-6, ¶¶ 5–7, 9.) Named Plaintiffs also assert that Defendants maintained a company-wide policy and practice resulting in idle time

5

without customers such that Named Plaintiffs would spend more than one hour during their shifts without generating a server ticket. (ECF No. 58, PageID 503–04; ECF No. 58-3, ¶ 8; ECF No. 58-4, ¶ 8; ECF No. 58-5, ¶ 8; ECF No. 58-6, ¶ 8.)

Defendants deny that their policies or practices are unlawful and that servers and bartenders at their venues are required to perform work that is not either tipped work, directly supporting tipped work, or work that is within the scope of their tipped employee occupation. (ECF No. 58, PageID 504.) While Defendants dispute Plaintiffs' claims, they have agreed to the issuance of court-supervised notice to allow the litigation of claims by servers and bartenders who assert that they are similarly situated. (*Id.* PageID 500, 504.)

The Court finds that the Parties have adequately demonstrated a strong likelihood that Named Plaintiffs are similarly situated to the individuals in the proposed notice group. The Named Plaintiffs and the individuals in the proposed notice group were all employed as hourly servers or bartenders by Defendants within the last three years, were paid a tipped wage in the same manner, and were subject to the same allegedly FLSA-violating companywide policies and practices. At the time the Parties filed their Joint Motion, 108 opt-in Plaintiffs had already joined the action. (ECF No. 58, PageID 499, 502–03.)

Accordingly, notice is **AUTHORIZED** to the following group of individuals ("potential opt-in Plaintiffs") as proposed by the Parties:

> **All current and former hourly servers and bartenders who were employed by Defendants at a Pins Mechanical Co. location in either Pittsburgh, Pennsylvania, Indianapolis, Indiana, Charlotte, North Carolina, or the three (3) Columbus, Ohio locations (Easton, Downtown, and Dublin), during all or any portion of the time period since November 19, 2022.**

Additionally, the Court finds that the proposed Notice of Right to Join Lawsuit ("Notice") (ECF No. 58-1) and Consent to Join Form ("Consent Form") (ECF No. 58-2) are satisfactory. The

Notice and Consent Form are **APPROVED**.

## CONCLUSION

The Court **GRANTS** the Parties' Joint Motion and Stipulation for Court Approval of FLSA Notice.  (ECF No. 58.)  Notice of this FLSA action is **AUTHORIZED** in accordance with this Order.  The Parties suggest the following procedures and timeline for processing the Notice.  The Court agrees and **ORDERS** the following:

- Plaintiffs' counsel will engage the services of a Third-Party Administrator ("TPA") to distribute the Notice.

- Within 30 days of this Order, Defendants shall provide exclusively to the TPA a list (in Microsoft Office Excel format) containing the names, last known addresses (including zip code), and personal email addresses (to the extent that Rise Brands has email addresses) of all potential opt-in Plaintiffs ("List").

- Within 14 days of receiving the List, the TPA will send the Notice to the potential opt-in Plaintiffs via First Class U.S. mail and email.  Plaintiffs' counsel will advise Defendants' counsel when the Notices are sent.

- For any potential opt-in Plaintiffs for whom the TPA receives notice that U.S. mail and/or e-mail methods of delivery of Notice were insufficient (i.e., returned as undeliverable), Defendants will provide their last known phone numbers from company records to the TPA within 3 business days of being informed about the insufficient delivery, and the TPA will attempt to contact such individuals no more than 3 times to obtain an updated mailing and/or email address.

7

- The potential opt-in Plaintiffs shall have 60 days from the date the Notices are sent to return their Consent Form and opt into this case ("Notice Period"). All Consent Forms that are time-stamped or emailed on or before the last day of the Notice Period will be accepted.

- Within 30 days of the close of the Notice Period, the Parties will file a Joint Status Report to the Court.

- By agreeing to the Joint Motion and notice procedure, Defendants do not waive any claims or defenses or any arguments concerning whether individuals who opt into the case are similarly situated and/or whether the matter can proceed as an action pursuant to the FLSA, 29 U.S.C. § 216(b).

This case remains open.

**IT IS SO ORDERED.**

**11/19/2025**  **s/Edmund A. Sargus, Jr.**
**DATE**  **EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**